IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY LANE | ) | |
| | ) | CIVIL ACTION NO. 3:15-62 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| FOREVER OF PA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion and Order

### I. Introduction

Presently before this Court is Defendant's Motion to Dismiss for Failure to State a Claim. ECF No. 5. Defendant moves to dismiss Count III of Plaintiff's Complaint. Id. For the reasons that follow, the Court will grant Defendant's motion to dismiss Count III of the Complaint.

### II. Jurisdiction

The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims arising under the PHRA and Pennsylvania public policy pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

### III. Factual Background

The facts as pleaded in the Complaint are as follows.

Plaintiff worked for Defendant from approximately June 2010 until Defendant fired her on February 4, 2014, effective February 3, 2014. ECF No 1 at ¶ 7. The last position Plaintiff held at Defendant's business was broadcaster. Id.

1

During Defendant's employment of Plaintiff, Plaintiff's ex-husband physically abused Plaintiff. *Id.* at ¶ 8. Plaintiff sought out the services of the Women's Help Center to cope with such abuse. *Id.* at ¶ 11. Plaintiff separated from her husband on or about July 4, 2013, but the abuse continued in various ways. *Id.* at ¶¶ 10-13. For example, Plaintiff's ex-husband created fake email accounts and repeatedly emailed Plaintiff's work email accounts. In these emails, Plaintiff's ex-husband referred to Plaintiff as "bitch [and] whore," and accused Plaintiff of having sexual relations with a male co-worker at Defendant's place of business. *Id.* at ¶ 12. Plaintiff's ex-husband wrote in one email that Plaintiff is "the reason husbands kill wives." Upon receiving such email, Plaintiff reported her ex-husband's behavior to police and put Defendant on notice of these emails. *Id.* at ¶¶ 13-14.

In or around August 2013, Plaintiff's ex-husband was arrested for stalking and harassing Plaintiff and jailed for approximately two weeks. *Id.* at ¶ 15. As a result of the charges levied against him at this time, Plaintiff's ex-husband was not to have any contact with Plaintiff or anyone at Plaintiff's place of employment. *Id.*

On or about July 26, 2013, Plaintiff's car tires were slashed. Plaintiff informed Defendant and the police of this incident. *Id.* at ¶ 16. Then, on or about July 29, 2013, the tires of many radio station vehicles parked in Defendant's parking lot were slashed. "Way to go" and "fans hate you" were also painted on some station vehicles in red, washable paint. Plaintiff informed Defendant and police of this incident. *Id.* at ¶ 17. Plaintiff's ex-husband was arrested for conspiracy related to the slashed tires and was jailed from approximately September 2013 through January 2014. *Id.* at ¶ 18.

Upon being released from jail in January 2014, Plaintiff's ex-husband was under a probation condition not to contact Plaintiff. Id. at 20. Despite this condition, he attempted to communicate with some of Plaintiff's co-workers. For example, Plaintiff's ex-husband sent a friend request to a male co-anchor. Id. at ¶ 19. He also emailed Plaintiff and on January 20, 2013, he called Defendant impersonating a police officer. Id. at ¶¶ 21-22. Plaintiff's ex-husband was again arrested on January 22, 2014, and was subsequently jailed. Id. at ¶ 22.

On or about January 31, 2014, Plaintiff received a telephone call from the Cambria County District Attorney's office. Plaintiff was informed that her ex-husband was soliciting her murder and that it would be prudent for her and her male co-worker, "Boss Frog," to leave town for the weekend. Id. at ¶ 23. Plaintiff put her supervisor and Defendant's General manager, Terry Deitz, on notice of what the Cambria County District Attorney's office had told her. Deitz advised Plaintiff to leave town and informed her that she would be on a paid leave from work. Id. at ¶ 24.

On February 4, 2014, effective February 3, 2014, Defendant fired Plaintiff. Defendant gave the following reason for firing Plaintiff: "Regrettably, recent events involving your former husband have caused severe disruption to our business and made this decision necessary." Id. at ¶ 25. Defendant offered Plaintiff no option other than termination. Id. at ¶ 26.

**IV. Legal Standard**

A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). A party may

3

ask that a complaint or portion of a complaint be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In determining the sufficiency of the complaint, a district court must conduct a two-part analysis. First, the court should separate the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions. Threadbare recitals of the cause of action do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27) (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678)).

In determining whether a plaintiff has stated a "plausible claim for relief," the court must conduct a "context specific" inquiry that requires it to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document *integral to or explicitly relied* upon in the complaint." *U.S. Express*

4

*Lines, Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

If a complaint is vulnerable to dismissal under Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("[L]eave to amend must be granted unless the amendment would not cure the deficiency.").

## V. Discussion

### a. Plaintiff's claims

Plaintiff alleges that Defendant is liable to her under three separate theories.

In Count I of the Complaint, Plaintiff alleges that Defendant is liable to her for gender discrimination in violation of Title VII of the Civil Rights Act of 1964. ECF No. 1 at ¶¶ 27-33. Plaintiff alleges that Defendant fired her because of her status as a victim of domestic violence and abuse victim. *Id.* at ¶ 30. Plaintiff asserts that her termination because of her status as a victim of domestic violence and abuse disparately impacts women in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges that Defendant did not offer to her any less harsh alternatives to termination. *Id.* at ¶ 32. As a direct and proximate result of this alleged gender discrimination, Plaintiff asserts that she suffered and continues to suffer damages in the following forms: (i) lost wages and benefits; (ii) harm to professional reputation; and (iii) emotional distress, anxiety, humiliation, and inconvenience. *Id.* at ¶ 33. In relation to Count I of the Complaint, Plaintiff requests the following relief: (i) that the Court enter

5

judgment declaring Defendant's actions to be unlawful and in violation of Title VII; (ii) that Defendant be ordered to reinstate Plaintiff and provide her with accumulated seniority, fringe benefits, and all other rights; (iii) that the Court and/or jury enter a verdict for Plaintiff and find that Defendant violated Plaintiff's rights to be free from sex/gender discrimination under Title VII of the civil Rights Act of 1964 and 1991; (iv) that Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of the adverse action in addition to reimbursement for lost pension, social security, experience, training opportunities, and other benefits; (v) that the Court award Plaintiff compensatory and punitive damages as a result of Defendant's violations of Title VII; (vi) that Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII; (vii) that Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and (viii) that the Court grant Plaintiff additional relief as may be just and proper. <u>Id</u>.

In Count II of the Complaint, Plaintiff claims that Defendant's alleged gender discrimination against her violated the Pennsylvania Human Relations Act (**PHRA**), 43 Cons. Stat. Ann. §§ 955(a) and (d). <u>Id. at ¶¶ 34-36</u>. Plaintiff alleges that as a direct result of Defendant's actions, she lost wages and other economic benefits of her employment with Defendant and suffered extreme emotional distress, depression, inconvenience, and humiliation. <u>Id. at ¶ 36</u>. In relation to Count II of the Complaint, Plaintiff requests the following relief: (i) that the Court enter judgment declaring Defendant's actions to be unlawful and in violation of the PHRA; (ii) that Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe

benefits, and all other rights; (iii) that Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's alleged illegal treatment of Plaintiff, with interest from the date of the alleged discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities, and other benefits; (iv) that the Court award Plaintiff compensatory and punitive damages as a result of Defendant's alleged violations of the PHRA; (v) that Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA; (vi) that Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and (vii) that the Court grant Plaintiff additional relief as may be just and proper. Id.

In Count III of the Complaint, Plaintiff alleges that Defendant's termination of her constituted wrongful discharge in violation of the public policy of the Commonwealth of Pennsylvania. Id. at ¶¶ 37-47. Plaintiff alleges that Pennsylvania has a public policy of protecting domestic violence victims and survivors and of holding their abusers accountable. Id. at ¶ 38. Plaintiff further alleges that the purpose of the Pennsylvania's Protection from Abuse Act, 23 Pa. C.S.A. §§ 6101 et seq. is "to protect victims of domestic violence from the perpetrators of that type of abuse and to prevent domestic violence from occurring." Id. at ¶¶ 39-40 (citing cases) (internal quotations omitted). Plaintiff asserts that Defendant's termination of her served to take away her financial independence, sense of control, capability to provide for herself and her children, and social connectedness. Id. at ¶ 43. Plaintiff further alleges that Defendant's termination of her served to re-victimize Plaintiff. Id. at ¶ 44. Plaintiff alleges that Defendant's termination of her because of her status as a domestic abuse survivor and victim offends the

public policy of the Commonwealth of Pennsylvania to protect victims of domestic abuse, to prevent future occurrences of domestic abuse from occurring, and to hold the perpetrators of domestic abuse accountable. Id. at ¶ 45. Plaintiff alleges that Defendant's actions were intentional and taken with reckless indifference. Id. at ¶¶ 45-46. Plaintiff alleges that as a direct and proximate result of Defendant's allegedly intentional and reckless conduct, Plaintiff has sustained the following injuries: (i) loss of income and benefits; (ii) humiliation, anxiety, emotional distress, and inconvenience; (iii) loss of reputation; and (iv) diminished enjoyment of life and life's pleasures. Id. at ¶ 47. In relation to Count III, Plaintiff demands judgment against Defendant for actual, compensatory, and any other legal or equitable relief the Court deems just and proper. Id.

### b. Summary of Defendant's argument

Defendant moves to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Defendant argues that Plaintiff has not alleged facts sufficient to state a claim that her discharge from employment violated Pennsylvania public policy, since the Commonwealth's Protection from Abuse Act, 23 Pa. C.S.A. § 6101 *et seq.*, does not create a protected employment class. ECF No. 6.

In support of its motion, Defendant notes that the Complaint does not provide information about the legal nature of Plaintiff's employment relationship with Defendant other than that she "worked for Defendant from approximately June 2010 until Defendant fired her on February 4, 2014, effective February 3, 2014." Id. at 3. Defendant argues that, because

Pennsylvania is an employment-at-will jurisdiction, the Court must presume for purposes of this motion that Plaintiff was an at-will employee of Defendant. <u>Id</u>. On this basis, Defendant argues that pursuant to Pennsylvania case law, it had an "unfettered right to terminate Plaintiff's at-will employment status, unless a clearly articulated public policy restrained its action." <u>Id</u>.

Defendant argues that Plaintiff failed to prove that Pennsylvania has articulated a public policy within the Protection from Abuse Act that might restrain Defendant's otherwise unfettered right to terminate Plaintiff's at-will employment in this case. <u>Id. at 3-4</u>. Specifically, Defendant argues that no clear public policy exists to support Plaintiff's contention that her termination because of her status as a domestic abuse survivor and victim offends the public policy of Pennsylvania, as is required under Pennsylvania law to create an exception to the normally unfettered right of an employer to terminate an at-will employee. <u>Id. at 5</u>.

Defendant also asserts that Plaintiff's contention that she was terminated because of her status as a victim and survivor of domestic abuse and violence is nothing more than a conclusory statement and is unsupported by allegations contained in the Complaint. <u>Id. at 5</u>. Defendant argues that Pennsylvania law is clear that the Protection from Abuse Act has not created a protected employment class. Absent such clear mandate from the Pennsylvania legislature, Defendant argues that Count III of Plaintiff's Complaint does not allege facts sufficient to state a claim for wrongful discharge in violation of Pennsylvania public policy. <u>Id. at 5-6</u>.

9

Alternatively, Defendant argues that, even if Pennsylvania had incorporated within the Protection from Abuse Act a public policy that protected victims of domestic abuse from discharge from employment solely because of their status as domestic abuse victims, Count III of the Complaint still must be dismissed for failure to state a claim because Defendant had a separate, plausible, and legitimate reason for terminating Plaintiff's employment. *Id.* at 8. Specifically, Defendant argues that the violent, frightening, and severely disruptive actions of Plaintiff's ex-husband led Defendant to reasonably conclude that Plaintiff's ex-husband presented a danger to employees other than Plaintiff while at the workplace. *Id.* at 10-11. Defendant argues that, balancing its legal obligation to provide employees a safe workplace against the serious threat to its employees posed by Plaintiff's continued employment justified its determination that Plaintiff's at-will employment should be terminated. *Id.* at 11.

c. Analysis

Defendant asks the Court to dismiss Count III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. In support of its motion, Defendant argues that Plaintiff was an at-will employee of Defendant and that Defendant therefore had an unfettered right to terminate Plaintiff unless a clearly articulated public policy restrained its action. ECF No. 6 at 3. The Defendant asserts that Pennsylvania has not articulated a public policy that might restrain Defendant's otherwise unfettered right to terminate Plaintiff's at-will employment status. *Id.* at 3-4.

In opposition, Plaintiff does not challenge her status as an at-will employee. Plaintiff argues instead that Pennsylvania has articulated a clear public policy of protecting domestic

violence victims and survivors—by way of the Commonwealth's Protection From Abuse Act, Pennsylvania case law interpreting the Act, and law review articles—which Plaintiff alleges Defendant violated when it fired Plaintiff. ECF No. 15 at 5-21.

In reply, Defendant stresses that Pennsylvania recognizes exceptions to the employment-at-will doctrine only under narrow circumstances where the discharge of an at-will employee threatens a clear mandate of public policy. ECF No. 20-1 at 5-6. Lastly, the Defendant argues that even if Pennsylvania had incorporated within the Protection From Abuse Act a public policy that protected victims of domestic abuse from discharge from at-will employment, it had a separate, plausible, and legitimate reason for terminating Plaintiff's employment. *Id.* at 7-8.

Under Pennsylvania law, all employment is presumed to be at will, and employees may be discharged without cause, unless restrained by a contract. *McDaniel v. American Red Cross, Johnstown Region*, 58 F.Supp.628, 630 (W.D.Pa. 1999) (citing *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231, 1233 (1998)).

Pennsylvania law generally provides no common law cause of action against an employer for termination of an at-will employment relationship. *Spyridakis v. Riesling Group, Inc.*, 398 Fed.Appx. 793, 799 (3d Cir. 2010) (citing *Weaver v. Harpster*, 601 Pa. 488, 975 A.2d 555, 562 (2009) (internal quotations omitted)). Pennsylvania courts have recognized an exception to this general rule under very limited circumstances, where the discharge of an at-will employee "would threaten clear mandates of public policy." *Id.* (citing *Clay v. Advanced Computer Applications, Inc.*, 522 Ap. 86, 559 A.2d 917, 918 (1989)).

To determine the contours of Pennsylvania public policy, courts may look to the Commonwealth's "Constitution, court decisions, and statutes." *Id.* (citing *Weaver*, 975 A.2d at 563). The Third Circuit has cautioned that Pennsylvania courts construe the public policy exception to at-will employment narrowly, "lest the exception swallow the general rule." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 111 (3d Cir. 2003). The public policy exception does not exist to protect the employee, but rather serves to "protect[] society from public harm or [to] vindicate[] fundamental individual rights." *Green v. Bryant*, 887 F.Supp. 798, 801 (E.D.Pa. 1995) (citing *Clark v. Modern Group, Ltd.*, 9 F.3d 321, 331-32 (3d Cir. 1993)).

Courts applying Pennsylvania law have allowed suits for wrongful termination on public policy grounds only "when the dismissal was based itself on an unlawful ground or otherwise subverted the law as recognized in this Commonwealth, for example by punishing plaintiff for exercising rights or fulfilling duties granted or imposed by statute." *McDaniel*, 58 F.Supp.2d at 630. The Third Circuit distilled the instances when this limited exception applies into three categories: "'[A]n employer (1) cannot require an employee to commit a crime [and fire the employee for refusing to do so], (2) cannot prevent an employee from complying with a statutorily imposed duty, and (3) cannot discharge an employee when specifically prohibited from doing so by statute.'" *Spyridakis*, 398 Fed.Appx. at 799 (quoting *Hennessy v. Santiago*, 708 A.2d 1269, 1273 (Pa. Super. Ct. 1998)). *See also Woodson v. AMF Leisureland Ctrs., Inc.*, 842 F.2d 699, 702 (3d Cir. 1988) (plaintiff fired for refusing to unlawfully serve alcohol to intoxicated customer); *Shick*, 716 A.2d at 1231 (plaintiff discharged for filing workers' compensation claim); *Highhouse v. Avery Transp.*, 443 Pa. Super. 120, 660 A.2d 1374, 1378 (1995) (plaintiff dismissed for

filing unemployment compensation claim); *Kroen v. Bedway Security Agency*, 430 Pa. Super. 83, 633 A.2d 628, 633 (1993) (plaintiff terminated for refusing to take polygraph test, when employer's use of such test was forbidden by statute); *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119, 120 (1978) (plaintiff dismissed for complying with jury duty obligation).

In support of its motion to dismiss, the Defendant cites to *Green v. Bryant*, in which the court granted the defendant's motion to dismiss despite the plaintiff's claim that the Protection From Abuse Act includes a public policy that protects victims of domestic abuse from discharge from their employment. 887 F.Supp. 798 (E.D.Pa. 1995). In that case, the court reasoned that while the statutes Plaintiff cited provided certain procedures and protections for victims of domestic abuse, they did not create a protected employment class. *Id.* at 801. The plaintiff in that case did not allege that she had been discharged for attempting to apply for victim compensation or for a protective order under the statutes she cited. Indeed, the court specifically pointed out that the "[p]laintiff was not discharged because she refused to violate the law, because she complied with the law, or because she exercised a right or privilege granted by the law." *Id*. The court thus held that her discharge from employment did not violate the public policy of Pennsylvania. *Id. See also Spyridakis*, 398 Fed.Appx. at 796-99 (dismissing the plaintiff's claim for wrongful termination based on the public policy exception to the at-will doctrine and holding that while Plaintiff had identified valid statutes, she had failed to explain how those statutes "create[d] a clear mandate of public policy that was implicated by her termination," and noting that the statutes she cited "[were] silent with respect to an employee's

rights or obligations and [did] not create a clear mandate of public policy that [was] relevant to [Plaintiff's] case.") (internal quotations omitted).

In opposition to the instant motion, the Plaintiff attempts to distinguish *Green* by noting that the plaintiff in *Green* claimed that the discharge violated the Protection From Abuse Act, while the Plaintiff in this case does not. ECF No. 15 at 17. Alternatively, the Plaintiff urges the Court to choose not to follow *Green*'s reasoning. Id. at 17-18.

This Court agrees with the reasoning in *Green* and finds that dismissal of Count III of the Complaint is supported by case law analyzing the public policy exception to the general at-will employment doctrine in Pennsylvania. Plaintiff argues that the Protection From Abuse Act, 23 Pa. C.S.A. § 6101 *et seq.*, establishes a policy of protecting domestic violence victims and survivors which demonstrates an intent on the part of the legislature to provide victims of such abuse employment-related protections. The Court agrees that the Act establishes a policy of protecting domestic violence victims and survivors. However, that the Act protects victims and survivors in certain ways does not establish that the legislature intended to create an exception to the broadly-construed at-will employment doctrine in Pennsylvania. *See McDaniel v. American Red Cross, Johnstown Region,* 58 F.Supp.2d 628, 629-31 (W.D.Pa. 1999). Plaintiff has not alleged that she was fired because she refused to violate the law, because she complied with the law, or because she exercised a right or privilege granted by the law. She has identified no clear mandate that spousal abuse victims are entitled to employment-related protections as at-will employees. *See Spyridakis,* 398 Fed.Appx. at 799. Because Plaintiff has not alleged facts sufficient

14

to state a claim that her discharge was in violation of the public policy of Pennsylvania, Defendant's motion to dismiss Count III must be granted.

### d. Leave to amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." "[A] district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Frasier v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), *as amended* (Jan. 20, 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

The Court finds no reason to deny leave to amend in this case. Plaintiff shall be granted leave to amend the Complaint.

## VI. Conclusion

For the foregoing reasons, the Court holds that Plaintiff has not alleged facts sufficient to state a claim that her discharge from at-will employment was in violation of the public policy of Pennsylvania. The Court thus grants Defendant's motion to dismiss Count III of Plaintiff's complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| NANCY LANE | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-62 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| FOREVER OF PA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW,** this 30th day of December, 2015, upon consideration of Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 5) and brief in support thereof (ECF No. 6), Plaintiff's response in opposition thereto (ECF No. 15), and Defendant's Reply Brief (ECF No. 20-1), and in accordance with the foregoing Memorandum Opinion, it is **HEREBY ORDERED** that the Motion to Dismiss is **GRANTED**. Plaintiff is granted twenty-one (21) days from the date of entry of this Order to amend the Complaint.

BY THE COURT:

_/s/ Kim R. Gibson_

KIM R. GIBSON

UNITED STATES DISTRICT JUDGE